MOYSTON AND McCARTHY v. BACON, RINGWALD et al.

CONVEYANCE. *Construction.* A conveyance concludes: "To have and to hold to Fred Heckle, his successors, heirs and assigns, in trust for my said wife, Catherena Rosa Owen, and the issue of our said marriage now and hereafter begotten, not liable to any debts, contracts or engagements of her present or any future husband, but the same to hold to her own sole, separate and exclusive use, the same as though she were a *feme sole*, to permit her to manage, control and dispose of the use, rentals and income thereof, with full power at any time, with the consent of her present or any succeeding trustee (to be attested by his writing with her in the execution of such instrument or conveyance), to encumber or alien and convey said estate, or any part thereof, without any estate therein or right to the proceeds thereof on the part of any husband of said Catherena Rosa; and also with power in her, the said Catherena Rosa, by any instrument in the nature testamentary, to devise and bequeath to whom and in what manner she may select, said real estate or any part thereof, the same as though she was a *feme sole*." *Held:*

1. That Mrs. Owen had the right to convey in fee.

2. That her conveyance vested a perfect title in the vendee.

3. That the restrictions were meant to and did only cut off the control of the husband.

4. That the interest of the children of the marriage depended upon the death of the mother without having exercised the power of disposition.

5. That the mother could at any time exercise the power conferred, and when exercised it was binding on the children.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDowell, Ch.

T. W. Brown for complainants.

Moyston *v.* Bacon.

ESTES & ELLETT and GANTT & PATTERSON for defendants.

TURNEY, J., delivered the opinion of the court.

Complainants Annie Moyston and Lizzie McCarthy are the only children of John A. and Catherena Rosa Owen. On the 4th of May, 1860, John A. Owen conveyed to Frederick Heckle real estate in Shelby county. The deed concludes:

"To have and to hold to Fred Heckle, his successors, heirs and assigns, in trust for my said wife, Catherena Rosa Owen, and the issue of our said marriage now and hereafter begotten, not liable to any debts, contracts or engagements of her present or any future husband, but the same to hold to her own sole, separate and exclusive use, the same as though she were a *feme sole,* to permit her to manage, control and dispose of the use, rentals and income thereof, with full power to her at any time, with the consent of her present or any succeeding trustee (to be attested by his writing with her in the execution of such instrument or conveyance), to encumber or alien and convey said estate, or any part thereof, without any estate therein or right to the proceeds thereof on the part of any husband of the said Catherena Rosa; and also, with power to her, the said Catherena Rosa, by an instrument in the nature testamentary, to devise and bequeath, to whom and in what manner she may select, said real estate or any part thereof, the same as though she were a *feme sole.*"

John Ringwald having been appointed trustee, he,

with Owen and wife, on the 22d of April, 1861, con-
veyed the land to Heckle, the former trustee, in fee.
On the 24th of February, 1864, Heckle reconveyed
to Mrs. Owen. The deed contains these clauses:

"To have and to hold the above bargained parcel
of land, with the appurtenances and improvements, to
the said Catherena Owen for and during the term of
her natural life, to her sole and separate use, free
from the debts, liabilities, engagements and contracts
of her present or any future husband, and after death
to the children, as well those that may hereafter be
born as those now in life, of the intermarriage of the
said John A. Owen and Catherena Owen, in fee simple.

"These presents further witness, that the said Cath-
erena Owen has power, by deed duly executed and
acknowledged by her and the said John A. Owen as
her husband jointly, to sell and convey the said parcel
of land hereby conveyed, or any part or parts thereof,
and invest the proceeds of such sale or sales, without
responsibility or obligation on the purchaser to see to
the appropriation of the same in other property, to
be settled and held on the same terms, and with the
same limitations, and subject to the trusts, as the
property hereby conveyed is hereby settled and sub-
jected. And in case the said Catherena Owen should
survive the said John A. Owen, she may, after his
death, exercise the aforesaid power by deed duly exe-
cuted and acknowledged by her alone."

On the 11th of June, 1870, Mrs. Owen, with her
husband and John Ringwald, conveyed to Wm. W.
Kingdom.

Moyston v. Bacon.

We are unable to see why Ringwald joined in this last conveyance. The fact, however, has no merit in any way.

Mrs. Owen died before the filing of the bill.

Complainants are seeking to set aside the conveyance to Kingdom and have the land restored to them, or for an account for the purchase money.

We are of opinion, that, under the power given by the first deed, Mrs. Owen had the right to convey in fee as she did; that her conveyance vested a perfect title in the vendee; that the restrictions were meant to and did only cut off the control of the husband; that the interest of the children of the marriage depended upon the death of the mother without having exercised the power of disposition; that the mother could at any time exercise the power conferred, and when exercised, it was binding upon the children.

The reconveyance to Heckle contains substantially the same power in the wife to convey. The deed to Kingdom was executed in the manner designated by the grantor to Mrs. Owen. The clause of the deed from Heckle to Mrs. Owen, authorizing the investment of the proceeds of sales without responsibility or obligation on the purchaser to see to the application, etc., if it has any influence in the construction of the power granted, has it to the enlargement of the power. There is no restriction or limitation further than that occurring in the first part of the *habendum* giving the estate to the wife for life to her sole and separate use, and at her death to the children of the

marriage. This is qualified by the power to sell, as we have seen, by the second clause, and is not intended to operate except the mother shall die without having exercised the power.

While the children may have taken a contingent interest, that interest was subject to be and was defeated by the act of the mother, pursuant to the requirements of the deed creating the interest.

The decision of these questions is conclusive of the case, and it is unnecessary to inquire into the fraudulent practices charged upon some of the defendants.

The decree of the chancellor is affirmed, with the modification that complainants will pay all costs.